*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 10, 2019

**BY ECF**

The Honorable William H. Pauley
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    **United States v. Christian McKnight**, S3 15 Cr. 607 (WHP)
                  **Christian McKnight v. United States**, 19 Civ. 2585 (WHP)

Dear Judge Pauley:

      The Government respectfully submits this letter in opposition to the motion of petitioner Christian McKnight, a/k/a "Spice," seeking to vacate his sentence pursuant to Title 28, United States Code, Section 2255. McKnight's only argument is that the mandatory consecutive sentence that this Court imposed pursuant to Title 18, United States Code, Section 924(c) is unlawful in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), and related cases. As discussed below, McKnight's petition fails as a matter of law on multiple grounds. It should therefore be denied without a hearing.

## Background

      On September 3, 2015, a grand jury sitting in this District returned Indictment, 15 Cr. 607 (the "Indictment"), charging McKnight and seven co-defendants with various racketeering, narcotics, and firearms offenses. Specifically, McKnight was charged with one count of racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d); one count of conspiracy to distribute more than 280 grams of crack cocaine, in violation of Title 21, United States Code, Section 846; and one count charging a firearms offense, in violation of Title 18, United States Code, Section 924(c).

      The charges in the Indictment stemmed from McKnight's association with the Leland Avenue Crew, a violent Bronx-based street gang. In connection with his membership in the Leland Crew, McKnight carried guns and participated in shootings that targeted rival gang members. (PSR ¶ 69 *et seq.*).

      On October 11, 2016, McKnight pled guilty before Your Honor, pursuant to a plea agreement (the "Plea Agreement"), to a two-count superseding information (the "Information"),

which charged McKnight with participating in the Leland Avenue racketeering conspiracy and using and carrying firearms during and in relation to that conspiracy, as well as a separate "drug trafficking crime," namely "a conspiracy by members of the Leland Avenue Crew to distribute crack cocaine, in violation of Title 21, United States Code, Section 846." *See* S3 13 Cr. 607 (WHP) (ECF Doc. No. 97).[1]  In connection with his guilty plea, McKnight acknowledged possessing a firearm in connection with his membership in the Leland Avenue Crew and confirmed, on questioning from the Court, that trafficking in cocaine was part of his agreement in the racketeering conspiracy.  (Plea Tr. at 20).

Pursuant to the Plea Agreement, McKnight stipulated that he would not "bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 157 to 181 months' imprisonment."

On March 30, 2017, McKnight appeared before this Court and was sentenced to a total term of imprisonment of 132 months, 60 months of which was imposed pursuant to Title 18, United States Code, Section 924(c).  Judgement was entered on April 3, 2017.  McKnight did not appeal his sentence.

On March 21, 2019, McKnight filed the instant petition.

**Discussion**

McKnight's petition suffers from multiple defects, each of which provides an independent basis for denial of the writ.

First, even if McKnight were correct that *Dimaya* calls into question the constitutionality of Section 924(c)'s definition of a "crime of violence," that would not entitle McKnight to relief. A constitutional error is cognizable under Section 2255 only if it had a "substantial and injurious effect" that resulted in "actual prejudice" to the petitioner.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citations omitted); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless-error standard to a § 2255 petition). If the error "could not affect the prison term," then it is "merely cosmetic," and the petitioner "cannot obtain relief on collateral review [because the] error caused no prejudice." *Underwood*, 166 F.3d at 87; *see also Ogando v. United States*, No. 96 Civ. 8051 (AKH), 2001 WL 69428, at *2 (S.D.N.Y. Jan. 26, 2001) (noting that when a petitioner is given concurrent sentences, he is not entitled to have the lesser-included conviction vacated when "the consequences of such vacatur would be essentially non-existent" because "[petitioner] would remain incarcerated for the same period of time").

In this case, McKnight pled guilty to violating Section 924(c) by using and carrying firearms during and in relation to both a "crime of violence" and a "drug trafficking crime." Whatever relevance the *Dimaya* line of cases may have to the validity of McKnight's conviction

---

[1] While McKnight was originally charged in the Indictment with the discharge of a firearm, the Government allowed him to plead solely to possession of a firearm—i.e., a count with a five-year mandatory minimum rather than a ten-year mandatory minimum.

under the first prong, it has no relevance to the second prong, which provides an equally valid basis to support his conviction and sentence. Indeed, this Court has previously held that the statutory language that proscribes carrying or using firearms "during and in relation to a drug trafficking crime . . . does not include the residual clause struck down by *Johnson*, or anything similar to it" and that, accordingly, a conviction predicated on that clause is unaffected by the *Johnson / Dimaya* line of cases. *Bright v. United States*, 14 Civ. 968 (WHP), 2018 WL 5847103, at *6 (S.D.N.Y. Nov. 8, 2018).

Second, McKnight's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes one-year period of limitation for a federal inmate who seeks to challenge a judgment pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). As relevant here, the limitation period runs from the date on which the challenged judgment became final. *See Clay v. United States*, 537 U.S. 522, 527(2003). Where no appeal is taken, the judgment becomes final on the date that "the time for filing a direct appeal expires," as dictated by the Federal Rules of Appellate Procedure. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). At all relevant times, that date has been 14 calendar days after entry of judgment in the district court. *See* Fed. R. App. P. 4(b).[2] Accordingly, because McKnight's petition was not filed prior to April 17, 2018, it is time barred.[3]

Third, McKnight's claim is foreclosed by the waiver in the Plea Agreement. Because McKnight was sentenced within the range stipulated in the Plea Agreement, the waiver applies on its face to the instant claim. "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016); *see United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (waiver provisions upheld even in circumstances where sentence may have been imposed in illegal fashion or in violation of Guidelines but was within range to which parties agreed).[4]

---

[2] The one-year limitations period for Section 2255 petitions may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (citation omitted). McKnight has not argued that equitable tolling would be appropriate in this case, nor does his petition suggest facts that would support a finding that justice requires equitable tolling.

[3] Contrary to McKnight's claim in his petition, the statute of limitations provision set out in 28 U.S.C. § 2255(f)(3)—one year from "the date on which the right asserted was initially recognized by the Supreme Court"—does not apply, and will not apply unless and until the Court invalidates Section 924(c)(3)(B). *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding that the Supreme Court itself must initially recognize the right in question to trigger Section 2255(f)(3)).

[4] The Second Circuit has identified four circumstances that might justify non-enforcement of a waiver: if the waiver was not knowing and voluntary; if the sentence was based on impermissible factors such as ethnic or racial bias; if the Government breached the plea agreement; or if the court failed to give any rationale for the sentence. *See United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). None of those circumstances apply here.

Finally, McKnight's argument that under *Johnson* and *Dimaya*, the racketeering conspiracy charged in Count One was not an appropriate predicate for the § 924(c) conviction charged in Count Two is foreclosed by the Second Circuit's decision in *United States v. Barrett*, which held that a conspiracy to commit a crime of violence suffices as a predicate under the Section 924(c)'s force clause. 903 F.3d 166 (2d Cir. 2018). Although *Barrett* involved a robbery conspiracy, the same principles apply to a racketeering conspiracy, as numerous courts have now held. *See, e.g.*, *United States v. Pirk*, No. 15-CR-142, 2019 WL 101808, at *5 (W.D.N.Y. Jan. 4, 2019) (racketeering conspiracy involving violent predicates categorically qualifies as crime of violence); *United States v. White*, No. 17 Cr. 611 (RWS), 2018 WL 4103490, at *4 (S.D.N.Y. Aug. 28, 2018) (racketeering conspiracy with violent predicates is crime of violence under § 924(c)(3)(C)(A)); *see also Praddy*, 729 F. App'x at 23 (RICO conspiracy is crime of violence if one or more of its objects is crime of violence). Here the predicate offenses of the charged racketeering conspiracy included murder, attempted murder, and conspiracy to murder, which are crimes of violence. *See White*, 2018 WL 4103490, at *4-5.

Moreover, *Barrett* held that "a conduct-specific identification of a predicate offense as a crime of violence can be made without raising" the constitutional concerns underlying *Dimaya* and *Johnson*, *Barrett*, 903 F.3d at 182, and thus there is no vagueness problem under the residual clause, if the fact-finder makes case-specific "findings about the nature of the predicate offense and the attending risk of physical force being used in its commission," *id*. at 178; *see id.* (no *Dimaya* problem with § 924(c)(3)(B) where applied "only to the predicate offense of a *pending* § 924(c)(1)(A) charge") (emphasis in original). The same principle would apply where, as here, the defendant pleads guilty and the facts to which he admits meet the force clause. Here McKnight admitted that, as part of his participation in the Leland Avenue Crew, he personally participated in a shooting that targeted a rival gang member, (Plea Tr. at 23), which more than sufficed to establish that the racketeering conspiracy presented a substantial risk of the use of physical force against another.

## Conclusion

For the foregoing reasons, McKnight's petition should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s/
    Jessica Lonergan
    Scott Hartman
    Jason M. Swergold
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-1038 / 2357 / 1023

cc:    Christian McKnight (by U.S. mail)